IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,023-01






EX PARTE DOUGLAS DEDONDRE DENMARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 36065-B-H-1 IN THE 124TH JUDICIAL DISTRICT COURT


FROM GREGG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
building, and was sentenced to 15 months' state jail imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that he entered his plea believing that there was an agreement
with respect to sentencing that he would receive between nine and twelve months in jail for his plea
to a reduced charge. Applicant alleges that his counsel did not object when the trial court sentenced
him to fifteen months in jail, and that he was subsequently denied his right to appeal. The trial court
has entered findings of fact and conclusions of law, finding that Applicant was fully aware that there
are no plea agreements in the 124th District Court, and that the State may only make
recommendations regarding punishment which the Court is free to reject. The trial court's findings
do not indicate whether Applicant was advised that he had a right to withdraw his plea or a right to
appeal, and there are no copies of the plea documents in the habeas record.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea papers,
including the written admonishments given to Applicant. The trial shall make findings of fact as to
whether Applicant was fully advised of his right to withdraw his plea or appeal after sentencing. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 26, 2008

Do not publish